**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LACEY RUTH-MARIE AMBRO, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DOUGLAS GILLESPIE, *et al.*, )<br>)<br>Respondents. )<br>_____/ | 2:10-cv-00760-PMP-LRL<br><br>**ORDER** |

Petitioner Lacey Ruth-Marie Ambro, who is represented by counsel, seeks a pre-trial writ of habeas corpus under 28 U.S.C. § 2241, claiming that her Sixth Amendment right to constitutional notice of the charges against her is being violated in the Eighth Judicial District Court of the State of Nevada, in Clark County. Ambro was indicted by a Clark County grand jury of driving while under the influence of intoxicating liquor causing death and/or substantial bodily harm to three persons. (ECF No. 1-1, State Court Indictment). In the federal habeas petition, Ambro requests that this Court issue an order finding that the state indictment is unconstitutionally conclusory and order the State of Nevada to dismiss the indictment. (ECF No. 1). Ambro has also filed a motion for a stay of

the state court trial, which is set to begin on May 9, 2011.  (ECF No. 8).  Respondents have filed an opposition to the motion for a stay.  (ECF No. 9).  Respondents have also filed an answer to the petition for a writ of habeas corpus.  (ECF No. 5).  Ambro has filed a reply to the answer.  (ECF No. 6).  This Court now considers the petition for a writ of habeas corpus and rules on petitioner's motion for a stay of the state court trial.

### I.  Factual Background

Petitioner Ambro is the defendant in the state criminal case of *State of Nevada v. Lacey Ruth-Marie Ambro, Case No. 08-C-247010-C*, which is the result of a three-count indictment returned by the Clark County grand jury.  The indictment was filed on August 15, 2008.  Ambro was indicted on charges of driving while under the influence of intoxicating liquor causing death and/or substantial bodily harm (Felony-NRS 484.3795), based on the events of February 13, 2008.  (State Court Indictment, at ECF No. 1-1).  In Count I of the indictment, Ambro was charged with driving while under the influence of an intoxicating liquor causing the death of James English.  (*Id.*, at p. 2).  In Count II, Ambro was charged with driving while under the influence of an intoxicating liquor causing the death of Zoe Roanoke.  (*Id.*, at pp. 2-3).  In Count III, Ambro was charged with driving while under the influence of an intoxicating liquor causing substantial bodily harm to Cathy Griczen.  (*Id.*, at pp. 3-4).  James English, Zoe Roanoke, and Cathy Griczen were all passengers in the vehicle driven by Ambro, which left the roadway and turned over.  (*Id.*, at pp. 2-4).

Ambro was arraigned and her case has been set for trial.  Ambro filed a petition for a writ of habeas corpus in state court, challenging the validity of her indictment.  (Exhibit 2 to Answer).  The State filed a return (Exhibit 3), and Ambro filed a reply (Exhibit 4).  On March 18, 2010, Judge Vega of the Eighth District Court for the State of Nevada entered an order denying the petition.  (Exhibit 5 to Answer).  Ambro filed a petition for a writ of mandamus with the Nevada Supreme Court, which was denied by order filed May 7, 2010.  (Exhibit 6 to Answer).

1        Ambro filed the instant federal habeas petition on May 21, 2010.  (ECF No. 1).  In the

2 petition, Ambro contends that the indictment is conclusory and violates her Sixth Amendment right

3 to have notice of the charges against her.  (ECF No. 1).  In the memorandum of points and authorities

4 to the federal petition, Ambro argues that the indictment fails to set forth facts to show how she

5 violated the alleged "act or neglect of duty" element of felony DUI under NRS 484.3795.  (ECF No.

6 1, at p. 4).  As habeas relief, Ambro requests that this Court make a finding that the state indictment

7 is unconstitutionally conclusory and that this Court order the State of Nevada to dismiss the

8 indictment.  (ECF No. 1, at p. 2).

9 **II. Discussion**

10        Under principles of comity and federalism, a federal court should not interfere with ongoing

11 state criminal proceedings by granting injunctive or declaratory relief, absent extraordinary

12 circumstances.  *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Middlesex County Ethics Comm'n v.*

13 *Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).  The *Younger* abstention doctrine applies to

14 claims raised in federal habeas corpus proceedings.  *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th

15 Cir. 1998); *Carden v. State of Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980), *cert. denied*, 449 U.S.

16 1014 (1980).  The *Younger* abstention doctrine is required when: (1) state judicial proceedings are

17 pending; (2) the state proceedings involve important state interests; and (3) the state proceedings

18 afford adequate opportunity to raise the constitutional issue.  *Middlesex County Ethics Comm'n v.*

19 *Garden State Bar Ass'n*, 457 U.S. at 432; *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223

20 (9th Cir. 1994).  Only in cases of proven harassment or prosecutions undertaken by state officials in

21 bad faith without hope of obtaining a valid conviction, and perhaps in other special circumstances

22 where irreparable injury can be shown, is federal injunctive relief against pending state prosecutions

23 appropriate.  *Carden v. Montana*, 626 F.2d 82, 83-84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85

24 (1971)).

25

26

1    In the instant case, all prerequisites to the *Younger* abstention doctrine are present.  First,

2  Ambro is currently the subject of a criminal proceeding in state court, which is ongoing and has not

3  reached final adjudication.  Second, the State of Nevada has an important interest in protecting the

4  public through the prosecution of criminal proceedings.  Third, the state court criminal proceedings

5  afford an opportunity for Ambro to raise the constitutional claim asserted in the federal habeas

6  petition.  In fact, the same issues asserted in the federal petition were presented to the state courts

7  and denied.  (Exhibits 2-6 to Answer).  To the extent that Ambro claims that the Nevada state courts

8  wrongly denied her pretrial habeas petition and petition for writ of mandamus, there is nothing that

9  requires this federal court to conduct a pre-conviction habeas review to cure state law procedural

10  defects.  Finally, Ambro has not demonstrated any extraordinary circumstance why this Court should

11  not abstain from entertaining the petition.  For the reasons discussed above, the federal habeas

12  petition is dismissed without prejudice.

13  **III.  Certificate of Appealability**

14    In order to proceed with any federal appeal, petitioner must receive a certificate of

15  appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435

16  F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

17  2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

18  right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

19  U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the

20  district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

21  U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

22  that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

23  or that the questions are adequate to deserve encouragement to proceed further. *Id.*  This Court has

24  considered the issues raised by petitioner, with respect to whether they satisfy the standard for

25

26

4

issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**IV.  Conclusion**

      **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED**, without prejudice.

      **IT IS FURTHER ORDERED** that petitioner's motion for a stay of the state court trial (ECF No. 8) is **DENIED.**

      **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

      **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

      Dated this 29th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE

5